# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

BECKY B.,[1]

       Plaintiff,

   v.

ANDREW M. SAUL, Commissioner of
Social Security,

       Defendant.

Case No. 6:19-cv-330-SI

**OPINION AND ORDER**

Drew L. Johnson, DREW L. JOHNSON, PC, 1700 Valley River Drive, Eugene, OR 97405.
Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204;
Franco L. Becia, Assistant Regional Counsel, United States Attorney, OFFICE OF GENERAL
COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA
98104. Of Attorneys for Defendant.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party in this case. When applicable, this opinion uses the same
designation for a non-governmental party's immediate family member.

**Michael H. Simon, District Judge.**

Becky B. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the

Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born on March 1, 1957. AR 140, 246. Plaintiff filed an application for disability insurance benefits on July 6, 2015, alleging that her disability began on October 1, 2014. AR 15. On her alleged disability onset date, Plaintiff was 57 years old. AR 24. Plaintiff completed high school and attended some college courses but did not obtain a college degree. AR 40, 161. Plaintiff has past work experience as a general manager and part owner of a septic tank maintenance business and worked 40 to 50 hours per week. AR 41, 259. Plaintiff worked consistently until October 2014, when she was laid off from her job. AR 41, 156, 168, 249. Plaintiff testified that she lost her job because she was "disturbing everybody." AR 41. In addition, her employer stated that she failed to complete tasks or duties in the same amount of time as other employees, demonstrated "50% or less of other employees' productivity," and needed special assistance and accommodations such as fewer and easier duties and lower production standards. AR 166-67.

Plaintiff has a history of mental health issues, including depression and dysthymia. AR 51, 64, 349. Nicholas Telew, M.D., ("Dr. Telew") treated Plaintiff periodically during the course of 30 years. AR 51, 241. In August 2014, Plaintiff sought therapy with James Goerg, M.S., a licensed psychologist who coordinated with Dr. Telew in treating Plaintiff's depression, anxiety, and disordered thinking. AR 341, 346.

The Commissioner denied Plaintiff's claim initially and upon reconsideration. AR 60-78. Plaintiff requested a hearing before an administrative law judge ("ALJ"). AR 88. On March 6, 2018, the ALJ issued a decision, finding that Plaintiff was not disabled. AR 12-19. The Appeals

Council denied Plaintiff's request for review of the ALJ's decision on December 31, 2018, making the ALJ decision the final decision of the Commissioner. AR 1-6; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## B. The Sequential Analysis

A claimant is disabled if he or she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.     Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ completed the sequential analysis described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, October 1, 2014. AR 17. At step two, the ALJ found that Plaintiff had the following severe impairments: persistent depressive disorder, major depressive disorder, and unspecified personality disorder. *Id.*; 20 C.F.R. § 404.1520(c). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the specific impairments listed in the regulations. AR 18.

Next, the ALJ determined Plaintiff's RFC and found that she could perform a full range of work at all exertional levels subject to non-exertional limitations. AR 20. The limitations include "performing simple, routine tasks, and making simple work-related decisions. She can have occasional contact with supervisors, coworkers, and the public. Time off task can be accommodated by normal breaks." *Id.*

At step four, the ALJ found that the Plaintiff cannot perform any past relevant work. AR 24. Nonetheless, at step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff could perform. AR 24. The ALJ found that Plaintiff could perform the requirements of representative occupations including an industrial cleaner, a laboratory equipment cleaner, and a

marker. AR 25. The ALJ therefore found that Plaintiff was not disabled under § 216(i) and § 223(d) of the Act. AR 25.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (A) failing to admit and consider Nicholas Telew, M.D.'s opinion; (B) improperly addressing the moderate limitations the ALJ found in Plaintiff's RFC; (C) failing to include all of Plaintiff's limitations in the dispositive hypothetical question posed to the vocational expert ("VE"); and (D) improperly evaluating Plaintiff's brother's lay witness testimony. Each issue is discussed in turn.

### A.  Dr. Telew's Mental Residual Function Capacity Assessment

The day after Plaintiff's hearing, her treating physician Dr. Telew provided a completed Mental Residual Function Capacity Assessment ("MRFC") form. AR 31-34. Plaintiff's counsel immediately faxed the form to the ALJ, noting that counsel had provided the form to Plaintiff months earlier and had followed up with her several times, but that Dr. Telew had not provided the completed form until that day. AR 30. Counsel asked that the ALJ consider the MRFC in evaluating Plaintiff's case. *Id.* The ALJ refused to consider the MRFC, finding it untimely.

Plaintiff argues that the ALJ's decision to refuse to consider Dr. Telew's MRFC was improper because the ALJ failed to apply the good cause exception to late evidentiary submissions under C.F.R. § 416.1435(b)(3). The Commissioner responds that Plaintiff's counsel provided no evidence to support her argument that she requested the evidence before the hearing, and Plaintiff's physician did not provide it in a timely manner.

#### 1.  Applicable Standards

On December 16, 2016, the Social Security Administration adopted 20 C.F.R. § 416.1435(b), which went into effect on January 17, 2017, and the Commissioner required compliance starting on May 1, 2017. 20 C.F.R. § 416.1435(b). The Social Security

Administration publishes a guideline for ALJ's in conducting hearings, the Hearings, Appeals, and Litigation Law Manual ("HALLEX"). This guideline instructs that "[s]ubject to 20 C.F.R. § 414.935(b) and § 416.1435(b), an ALJ may admit additional evidence into the record *after the hearing*." HALLEX I-2-6-59, ADMITTING EVIDENCE SUBMITTED LESS THAN FIVE BUSINESS DAYS BEFORE THE HEARING OR AT OR AFTER THE HEARING, 2017 WL 1632957, at *1 (May 1, 2017) (emphasis added). It further directs that an ALJ "will" follow the instructions to consider whether to admit untimely evidence. *Id.* These instructions include determining whether the circumstances of §§ 414.935(b) or 416.1435(b) apply, and that the ALJ "will find" those circumstances apply when, among other things, "[t]he claimant, or appointed representative, actively and diligently sought evidence from a source and the evidence was not received or was received less than five business days prior to the hearing." *Id.*

The relevant underlying regulation cited in the HALLEX provides, in relevant part:

> (a) Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence . . . no later than five business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

> (b) If you have evidence . . but you have missed the deadline described in paragraph (a) of this section, the administrative law judge *will accept the evidence if he or she has not yet issued a decision* and you did not inform us about or submit the evidence before the deadline because:

> * * *

> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

> * * *

> (iv) You actively and diligently sought evidence from a source and
> the evidence was not received or was received less than 5 business
> days prior to the hearing.

20 C.F.R. § 404.935 (emphasis added).

### 2. Analysis

Dr. Telew has been Plaintiff's treating psychiatrist for 30 years. AR 51, 241. During the period covered by the record, Dr. Telew assessed Plaintiff on 12 occasions. AR 247-52. On November 6, 2017, Dr. Telew completed his MRFC, which discussed the severity of Plaintiff's impairments and limitations. AR 31-34. The MRFC defined "moderately severe" as "a limitation which significantly interferes with the individual's ability to function in the designated area and precludes the individual's ability to perform the designated activity on a full time and sustained basis. Individuals would be off task at least 15% of the time." AR 31. Dr. Telew opined that Plaintiff had "moderately severe" limitations in four areas in the sustained concentration and persistence category: the ability to (1) carry out detailed instructions, (2) maintain attention and concentration for extended periods, (3) work in proximity to others, and (4) complete a normal workday and workweek at a consistent pace without an unreasonable number and length of disruptions from psychologically based symptoms. AR 32-33.

Although Dr. Telew completed this form nine days before Plaintiff's hearing before the ALJ, Dr. Telew did not fax it until November 16, 2017, the day after the administrative hearing. AR 30. Immediately upon receipt of this report, Plaintiff's counsel faxed the evidence to the ALJ for consideration. *Id.* In counsel's letter submitted to the ALJ with Dr. Telew's report, Plaintiff's counsel stated that he originally provided the MRFC form to Plaintiff to give to Dr. Telew on June 26, 2017 and "followed up with her several times regarding completion of the form." *Id.*

Despite this explanation, the ALJ declined to consider Dr. Telew's report even though the ALJ did not issue his decision for approximately four months after Plaintiff's counsel submitted the MRFC. AR 25. The ALJ found that Plaintiff did not timely submit the MRFC per the requirements set forth in 20 C.F.R. § 404.935. *Id*. The ALJ further stated:

> There is no evidence that (1) an action of the Social Security Administration misled the claimant; (2) the claimant had a physical, mental, educational, or linguistic limitation that prevented her from submitting or informing the ALJ about the evidence earlier; or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented her from submitting or informing the ALJ about the evidence earlier.

AR 15. Plaintiff notes that the ALJ did not provide any explanation detailing why Plaintiff did not qualify under any of the enumerated exceptions in 20 C.F.R. § 404.935(b), particularly subsection (3), which Plaintiff argues applies in this case.

Even though the ALJ did not consider Dr. Telew's MRFC as timely, the ALJ still made it a part of the record. AR 31-34. Had the ALJ considered Dr. Telew's MRFC, he would have had to explain why his interpretation of Dr. Telew's records, rather than Dr. Telew's interpretation, was correct. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Notably, the ALJ cited Dr. Telew's chart notes throughout the opinion to undermine the Plaintiff's claims. AR 18-19, 22-23. By refusing to consider Dr. Telew's opinion as timely, the ALJ evaded the requirement set forth in *Garrison* by relying on his own interpretation of Dr. Telew's notes without having to discuss and consider Dr. Telew's interpretation of his own notes. *Garrison*, 759 F.3d 995 at 1012.

Section 404.935 states that the ALJ "will accept" evidence submitted less than five days before a hearing if (1) a decision has not been issued and (2) the plaintiff's failure to submit the evidence resulted from circumstances beyond his or her control despite active and diligent efforts

to obtain the evidence within the required time. The first requirement of § 404.935 is met because the ALJ did not issue his decision for about four months after Plaintiff's counsel submitted Dr. Telew's MRFC. AR 25, 30.

For the second requirement, one of the listed examples of unusual, unexpected, or unavoidable circumstances is, "the claimant, or appointed representative, actively and diligently sought evidence from a source and the evidence was not received or was received less than five business days prior to the hearing." 20 C.F.R. § 404.935(b)(3)(iv). In addressing comments to the final rule, the agency stated:

> [W]e have included appropriate exceptions to the 5-day requirement to ensure fairness when a claimant or his or her representative actively and diligently seeks evidence but is unable to obtain it. . . . When a claimant or representative shows that he or she made a good faith effort to timely request, obtain, and submit evidence, but he or she did not receive the evidence in time to submit it at least five business days before the hearing because of circumstances outside his or her control, we expect our adjudicators would find that this standard is met.

Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 90990 (Dec. 16, 2016).

Plaintiff's counsel asserts that he made a good faith effort to obtain Dr. Telew's report because he provided the form to Plaintiff to give to Dr. Telew four months before the ALJ hearing, followed up several times with Plaintiff about retrieving the completed form from Dr. Telew, and submitted the form to the ALJ as soon as counsel received the faxed report. AR 30. The Court agrees that Plaintiff's counsel made a diligent and good faith effort to timely submit the MRFC to the ALJ.

Although there are no published Ninth Circuit opinions addressing the new five-day rule, the district court in the District of Oregon has issued two decisions discussing the "diligently

sought" exception to the new five-day rule. In *April v. Comm'r of Soc. Sec*., this Court held that the ALJ erred by failing to admit a medical questionnaire from the plaintiff's treating healthcare provider submitted one day before the administrative hearing. 2019 WL 310122, at *8 (D. Or. Jan. 22, 2019). In *Joseph M.R. v. Comm'r of Soc. Sec*., this Court held that the ALJ erred by failing to admit a doctor's report submitted the day before the administrative hearing, because the ALJ acknowledged that the plaintiff's counsel diligently sought to obtain the report, that counsel submitted the report before the ALJ issued his decision, and that the doctor delayed submitting the report to plaintiff's counsel. 2019 WL 4279027, at *10-11 (D. Or. Sept. 10, 2019). Similarly, Dr. Telew delayed submitting his MRFC to counsel and Plaintiff's counsel instructed his client to follow up with Dr. Telew several times. AR 30. Additionally, Plaintiff's counsel submitted Dr. Telew's report to the ALJ immediately upon receipt, only one day after the administrative hearing, and four months before the ALJ issued his decision. *Id*. Thus, similar to these cases, Plaintiff's counsel diligently sought Dr. Telew's report, satisfying the good cause exception to the five day rule.

The Commissioner asserts that Plaintiff failed to provide evidence that the report was diligently sought from Dr. Telew, as opposed to from Plaintiff, before the hearing. First, the Court can infer that the report was requested from Dr. Telew before the hearing because it was dated nine days before the hearing, even though Dr. Telew did not fax it until one day after the hearing. Second, the HALLEX states:

> The ALJ *will not develop or require evidence that shows that the claimant or appointed representative has actively and diligently sought evidence*. However, when the claimant or representative shows that he or she made a good faith effort to timely request, obtain, and submit evidence, but he or she did not receive the records at least five business days before the date of the scheduled hearing because of circumstances outside his or her control, the

ALJ will find that the claimant has actively and diligently sought evidence.

HALLEX I-2-6-59, 2017 WL 1632957, at *2 (emphasis added). Thus, the question is whether Plaintiff made the requisite showing.

Counsel's letter submitted to the ALJ with Dr. Telew's report explaining that counsel provided the form to Plaintiff to give to Dr. Telew in June 2017, followed up with Plaintiff several times, and submitted the report to the ALJ immediately upon receipt from Dr. Telew is enough to establish that Plaintiff's representative actively and diligently sought Dr. Telew's MRFC. Thus, the ALJ erred in his conclusion that there was "no evidence" that "some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented her from submitting or informing the ALJ about the evidence earlier." AR 15.

An error is harmless if it is inconsequential to the determination that a claimant is not disabled, based on the whole record. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2005). The Commissioner only asserted that the ALJ "did not err when he decided no [sic] consider the medical source statements [from] Dr. Telew." Beyond this assertion, the Commissioner did not explain why the ALJ's error in refusing to consider Dr. Telew's MRFC was harmless. Thus, the Commissioner conceded harmful error on this issue.

Moreover, the Court finds that this error was harmful given the following reasons. First, Dr. Telew's MRFC was the only assessment from a treating medical provider in the record. The Court also finds it significant that Dr. Telew treated Plaintiff throughout a 30-year period.[2]

---

[2] The Commissioner must consider medical opinions and generally gives more weight to opinions from treating sources because they are in the best position to provide detailed information about a claimant's condition. *See* 20 C.F.R. § 404.1527(c). The physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. *Carmickle*, 533 F.3d at 1164 (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

AR 51. Second, the ALJ gave little weight to the state's examining provider and limited weight to the non-examining consultants' opinions, leaving no medical opinion in the record to which the ALJ gave much weight. AR 23. Lastly, since Dr. Telew found Plaintiff to have four "moderately severe" limitations in concentration, persistence, or pace and opined that Plaintiff would be off task at least 15 percent of the time, the ALJ may direct different RFC and disability findings after considering this report. AR 31-34. For instance, the VE testified during the administrative hearing that "if a person is unproductive 10 percent or more of the time," this would "preclude gainful activity." AR 56. Dr. Telew's opinion also may be consequential to the determination that Plaintiff is disabled because it bears on the issue of whether she satisfies the "paragraph B" criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Thus, the ALJ's failure to admit Dr. Telew's MRFC was harmful error, and it must be considered on remand.

**B. Residual Function Capacity Assessment**

Plaintiff argues that the ALJ's conclusion that she is capable of simple, routine tasks with "occasional" contact with others and that her "[t]ime off task can be accommodated by normal breaks" lacks legally sufficient support in the medical testimony. Specifically, Plaintiff argues that the ALJ had no support in the medical testimony for his translation of his findings that Plaintiff has "moderate" limitation in all four Paragraph B criteria into a RFC for simple work with limited social interaction.

**1. Applicable Standards**

The RFC is the most a person can do, despite her physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for

resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

### 2. Analysis

On September 1, 2015, the agency's reviewing psychologist Claudia Lake, Psy.D., found that Plaintiff has "no functional limitations." AR 282. Dr. Lake concluded that Plaintiff had normal concentration and attention because Plaintiff could spell the word "world" forward and backward. AR 281-82. Yet Dr. Lake noted that she had to re-direct Plaintiff multiple times in her evaluation. AR 280. Given these inconsistencies, the ALJ assigned "little weight" to Dr. Lake's opinion that Plaintiff has no functional limitations because her opinion was "internally inconsistent" with her own observations that she needed to redirect Plaintiff during the examination. AR 23.

On September 16, 2015, Scott F. Kaper, Ph.D., an agency consulting doctor, reviewed Plaintiff's records and found that Plaintiff had "mild limitations" in concentration, persistence, or pace. AR 65. In January 2016, Ben Kessler, Psy.D., a non-examining source, relied heavily on Dr. Lake's determination in concluding that Plaintiff had "mild" difficulties in maintaining concentration, persistence, or pace. AR 74.

Although the ALJ gave little weight to Dr. Lake and partially credited the non-examining consultant opinions, he found that "the claimant is more limited than determined by the State agency psychological consultants." AR 23. Ultimately, the ALJ found that Plaintiff has "moderate" limitations in concentration, persistence, or pace, a greater mental functional limitation than all the objective medical evidence considered in the record. AR 19. Nonetheless,

the ALJ concluded that despite Plaintiff's moderate limitation in concentration, persistence, or pace, she can still perform simple tasks. AR 19. In so finding, the ALJ noted that "she drives, prepares meals, watches television, reads, plays games, manages funds, uses the internet, and handles her own medical care." AR 19. In formulating the RFC, the ALJ limited Plaintiff to work involving only "simple, routine tasks" that involve "making simple work-related decisions." AR 20. The ALJ also noted that he accounted for these impairments by "restricting the claimant's social contact." AR 24.

An ALJ's assessment may "adequately capture[] restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174. *Stubbs-Danielson* does not apply, however, to cases when the medical evidence establishes that the plaintiff has restrictions in concentration, persistence, or pace that are not captured in the RFC. *Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009). When an ALJ makes a moderate limitation finding in concentration, persistence, or pace in step three, the RFC assessment must reflect those limitations. *See Lubin v. Comm's, Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) ("The ALJ must include all restrictions in the [RFC] determination . . . including moderate limitations in concentration, persistence, or pace"); *Gartner v. Berryhill*, 2017 WL 3208351, at *14 (D. Or. July 28, 2017) ("An RFC that limits Plaintiff to simple work does not incorporate Plaintiff's moderate difficulty with concentration, persistence, and pace."); *Bulger v. Colvin*, 2016 WL 6963041, at *6 (D. Or. Nov. 28, 2016) ("The RFC limits Plaintiff to 'simple work tasks' without a further limitation related to concentration, persistence, and pace... An RFC that limits Plaintiff to simple work does not incorporate Plaintiff's moderate difficulty with concentration, persistence, and pace."); *Saucedo v. Colvin*, 2014 WL 4631225, at *17-18 (D. Or. Sept. 15,

2014) (finding failure to include limitations about concentration, persistence, or pace in the RFC as reversible error if the ALJ found such limitations at step three).

The ALJ determined that Plaintiff has moderate limitations in concentration, persistence, or pace. AR 19. The issue, then, is whether the ALJ's RFC assessment sufficiently translates this finding into functional limitations in the RFC. The Court finds that it does not. The RFC limits Plaintiff to "simple, repetitive, routine tasks" without another limitation related to concentration, persistence, or pace. AR 20. The ALJ therefore failed to fully capture Plaintiff's limitations, because the jobs the VE identified (industrial cleaner, laboratory equipment cleaner, and marker), may still require focus and concentration despite being "simple, repetitive, routine tasks."

This error is harmful because it is consequential in determining whether a claimant is disabled. *See Molina*, 674 F.3d at 1115. Further, given the Court's finding that the ALJ erred by not considering Dr. Telew's medical evidence, the RFC may change on remand because Dr. Telew concluded that Plaintiff had "moderately severe" limitations in four areas relevant to concentration, persistence, or pace. AR 32-33.

## C. Step Five Finding

Plaintiff argues that the ALJ's step five finding is erroneous because the dispositive hypothetical question posed to the VE did not account for all of Plaintiff's limitations. This argument is well taken. Because the ALJ failed to incorporate (1) Dr. Telew's MRFC into the RFC determination and (2) Plaintiff's limitations in concentration, persistence, or pace into Plaintiff's RFC and hypothetical posed to the VE, the ALJ erred in relying on the VE testimony that there were significant jobs in the economy that Plaintiff could perform. *See Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (ruling that a hypothetical question posed to a vocational expert must "include all of the [plaintiff's] functional limitations, both physical and

mental"); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the [plaintiff's] limitations, then the . . . testimony has no evidentiary value . . . .").

## D. Lay Witness Testimony

Plaintiff argues that the ALJ did not make an adequate credibility finding in giving only limited weight to the testimony of Plaintiff's brother, Clint B. ("Clint").

### 1. Applicable Standards

Any person who gives testimony about a claimant's impairments can qualify as a lay witness. SSR 06-03p, 2006 WL 2329939, at *2. Lay witness testimony about a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must be specific and germane. *Bruce v. Astrue*, 557 F.3d 113, 115 (9th Cir. 2009). In the Ninth Circuit, inconsistency with the objective medical evidence is a germane reason for rejecting lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). On the other hand, lay witness testimony unsupported or uncorroborated by the medical record is not a germane reason to discount lay witness testimony. *Bruce*, 557 F.3d at 1116.

An ALJ errs by failing to "explain her reasons for disregarding . . . lay witness testimony, either individually or in the aggregate." *Molina*, 674 F.3d at 1115 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). When an ALJ ignores uncontradicted lay witness testimony highly probative of the claimant's condition, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

## 2. Analysis

Clint completed a third-party function report on July 25, 2015, in which he answered a series of questions about his sister's conditions that may limit her activities. AR 198-205. For instance, he stated that Plaintiff was overwhelmed by the thought of yardwork and struggled to keep her house tidy. AR 200. He described Plaintiff as a person who struggles to make simple decisions or complete simple tasks, and gets "distracted easily and forgets what she is doing." AR 198. Clint also described that "if the phone rings, she can't remember what she was doing before the phone rang." AR 203. In the sections discussing daily activities, Clint stated that Plaintiff watches television, goes online, goes for walks with her dog, cares for pets, shops if needed, cooks, and completes minimal housework. AR 199.

Plaintiff also offered an October 23, 2017 letter from Clint as additional lay witness testimony. AR 243-45. In this letter, Clint stated that his 30 years of experience as a social worker led him to conclude that his sister is "completely unable to be employed or deal with any real responsibility." AR 245. Clint provided context for many of Plaintiff's impairments and juxtaposed her mental state in the preceding five to seven years with her mental state "over the course of her life." AR 243. In particular, he stated she historically "engaged with others," "successfully held jobs that required attention to detail and timeliness," and "enjoyed being with family and friends." AR 243. He pointed out that about six to seven years ago he noticed a shift in her behavior. *Id.* For example, she "would suddenly leave family gatherings . . . with little or no explanation" or "become hysterical given any pressure and cries easily and often." AR 243-44. Specifically, Clint recounted a time where hospital staff asked him to remove his sister from the hospital because she was "being loud and 'hysterical.'" AR 244. He described how she can barely go to the grocery store now, had to give her dog to her ex-husband because she could no

longer care for it, struggled to complete her social security application, and did not remember asking her brother to use a part of her inheritance to purchase a car. AR 243-44.

The ALJ gave Clint's testimony limited weight because the limitations he alleged were "inconsistent with the record as a whole, including his own description of the claimant's daily activities, the claimant's longitudinal medical records, and her documented activities of daily living." AR 21. Plaintiff argues that the ALJ erred by providing conclusory statements and failing to provide any specific inconsistency with the record or any identified activity, which fails to meet the standard of a germane reason for rejecting Clint's lay witness testimony. Additionally, Plaintiff asserts this error was harmful because Clint described objective information, relevant in discerning Plaintiff's ability to complete simple tasks and respond appropriately in her interactions with others.

The ALJ found that Plaintiff's alleged limitations that Clint described were "not entirely consistent" with objective medical evidence. AR 21. Plaintiff argues that the ALJ erred by not describing any *specific inconsistency* between Clint's statements and medical evidence. The Court agrees. The ALJ did not point to any inconsistencies, mention any specific doctor's opinion, or otherwise explain how Clint's statements were inconsistent with the objective medical evidence. Thus, this is not a germane reason.

The ALJ points to Clint's conclusion that "[Plaintiff] was an appropriate candidate for disability and was 'completely unable to be employed or deal with any real responsibility.'" AR 21. The ALJ found that Clint provided "conclusory opinions of disability," which is an issue "reserved to the Commissioner of this agency." AR 21 (citing 20 C.F.R. § 404.1527(d)). Clint's conclusion that Plaintiff is completely unable to be employed, which under Social Security law is a decision for the Commissioner, is not a germane reason to discount all of Clint's opinion. A lay

person is not expected to know the Social Security regulations or the law regarding who may issue opinions regarding the ultimate issue of disability. The ALJ was not required to accept Clint's opinion on the ultimate issue of disability, but the mere fact that Clint offered such an opinion is not a germane reason to discount all of his testimony.

Next, the ALJ found that Clint's statements regarding Plaintiff's limitations were inconsistent with Clint's statements regarding Plaintiff's activities and with Plaintiff's otherwise documented daily living activities. AR 21. In reaching this conclusion, the ALJ summarized testimony from Clint's third-party function report stating that "he admits that [Plaintiff] independently manages her hygiene, cares for her pets, and prepares simple meals, performs chores, and shops. She also socialized with others via social media." AR 21. The ALJ compared this testimony with Clint's opinion that the "Claimant was unable to make simple decisions and complete simple tasks." AR 20-21. Notably, Clint's complete testimony stated that "in the past couple years [Plaintiff] has *progressively* become unable to make simple decisions or complete simple tasks." AR 198 (emphasis added). The ALJ found these two statements to be inconsistent.[3] AR 21. In so concluding, the ALJ compared Clint's specific, factual responses in the third-party function report with his broad, general statement discussing Plaintiff's dwindling ability to complete simple tasks. The Court finds that this is not a germane reason to discount Clint's lay witness testimony.

As the ALJ acknowledged, Clint "saw the claimant regularly and had the opportunity to observe her symptoms first-hand." AR 21. Stated differently, Clint had firsthand knowledge of

---

[3] The ALJ offered no independent analysis or examples relating to Plaintiff's otherwise documented daily living activities. Plaintiff's otherwise documented daily living activities were not, however, materially different from the activities Clint described, and thus the potential inconsistency and analysis by this Court is the same.

Plaintiff's deteriorating condition over several years. For instance, Clint's 2015 report states that Plaintiff cares for her dog and bird by "feeding, walking, and tak[ing] [them] to the vet as needed." AR 199. Then, in 2017, Clint observed that Plaintiff "would periodically take her dog for a walk and saw this as a huge challenge" and, as a result, "she finally had to give the dog to her ex-husband because she could not care for it." AR 243. In addition, Clint provided candid, specific, and detailed descriptions of Plaintiff's daily living activities that are consistent with Plaintiff's other documented activities of daily living. Clint observed Plaintiff's *progressive* inability to complete simple tasks. It is not clear that he opined that Plaintiff was unable to complete *any* simple tasks. Indeed, in 2015 he described several simple tasks that she could complete, such as making sandwiches and feeding and walking her dog, however, two years later he explained that she could no longer feed or walk her dog and had to give it away. This is in conformity with Clint's description of Plaintiff's condition as progressively deteriorating. Even if Clint was opining that Plaintiff could not complete any simple tasks, that would only be a germane reason to discount that conclusion, not Clint's entire testimony, which was otherwise candid and supported in the record.

When an ALJ ignores uncontradicted lay witness testimony highly probative of the claimant's condition, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). It was unreasonable to discount Clint's testimony given that the ALJ did not describe any specific inconsistency between his testimony, the objective medical evidence, and Plaintiff's daily living activities. Additionally, the alleged inconsistency in Clint's 2015 report between his description of Plaintiff's daily living activities and his sweeping conclusion

was not a germane reason to discount the entirety of his report because his testimony was "highly probative of the claimant's condition." *Stout*, 454 F.3d at 1056. Thus, the Court cannot "confidently conclude" that no reasonable ALJ, when fully crediting Clint's testimony, could have reached a different disability determination. *Stout*, 454 F.3d at 1056-57. Therefore, the ALJ's decision to discount Clint's function report based on perceived inconsistencies was not a germane reason for dismissing his testimony and was harmful error.

## E. Remand for Further Proceedings

It is within the Court's discretion per 42 U.S.C. § 405(g) whether to "remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Although a court should generally remand to the agency for additional investigation or explanation, a court may remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine whether a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison*, 759 F.3d at 999. The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion

to remand for an award of benefits. *Id.* The district court retains flexibility, however, and need not credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The ALJ improperly (1) failed to consider Dr. Telew's MRFC report, (2) accounted for Plaintiff's limitations in concentration, persistence, or pace in the RFC determination, and (3) discounted Clint's lay witness testimony. The record has not been fully developed and further proceedings would be useful.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 16th day of March 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge